UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STERLENE MORGAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL CINTRON (Shield 22065, 23rd Precinct),
POLICE OFFICER KIMBERLY BURGOS (Shield 3248,
23rd Precinct, and POLICE OFFICERS and SUPERVISORY
POLICE OFFICERS JOHN and JANE DOES 1-5,

                Defendants.

------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: JUN 1 1 2017

**17 CV 679**

*PRO SE* COMPLAINT

JURY TRIAL DEMANDED

ORDERED
Post on Docket
_____
Katherine B. Forrest, USDJ

JUN 1 1 2017

STERLENE MORGAN, plaintiff *pro se*, for her complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment, an illegal strip search, and malicious prosecution, by employees of the New York City Police Department (NYPD).

### JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

5.     This Court also has jurisdiction over plaintiff's state law claims, pursuant to its

pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On January 29, 2016, within ninety days after the claims alleged in this complaint arose, a verified pro se Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e. The claim was assigned number 2016PI004939.

7. On December 27, 2016, a hearing was conducted by a representative of the Comptroller's office pursuant to New York State General Municipal Law Sec. 50-H, at which plaintiff, proceeding *pro se*, testified.

8. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

9. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

9. Plaintiff demands trial by jury in this action.

## *PARTIES*

10. Plaintiff *pro se* STERLENE MORGAN, a 52 year-old African-American woman, is a citizen of the United States and a resident of the State of New York and New York County.

11. Plaintiff lives at 2070 Third Avenue -- the Johnson Houses of the New York City Housing Authority (NYCHA) -- in Apartment 8B.

12. Plaintiff has lived at 2070 Third Avenue, Apartment 8B, for approximately 47 years.

13. As one who has lived in the Johnson Houses nearly her entire life, from ages 5 -52, plaintiff has numerous friends and acquaintances in the Johnson Houses.

14. Defendant City of New York is a municipal corporation organized under the laws of

2

the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

15. At all times relevant herein, defendant Michael Cintron was a police officer employed by the NYPD, Shield 22065, assigned to the 23rd Precinct, 162 East 102nd Street, New York, NY 10029.

16. At all times relevant herein, defendant Kimberly Burgos was a police officer employed by the NYPD, Shield 3248, assigned to the 23rd Precinct, 162 East 102nd Street, New York, NY 10029.

17. At all times relevant herein, defendants John and Jane Does 1-5 were police officers and supervisory police officers employed by the NYPD. Plaintiff does not know their real names and shield numbers at this time.

18. At all times relevant herein, defendants Cintron, Burgos and John and Jane Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

19. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

20. On November 2, 2015, at approximately 5:00 P.M., in the lobby of 1830 Lexington Avenue, a building on the grounds of NYCHA's Johnson Houses -- a building near the building in which plaintiff Sterlene Morgan has lived for 47 years -- plaintiff was arrested without probable cause by defendant Cintron.

21. Plaintiff had entered 1830 Lexington Avenue in an effort to visit Sherry Jones, a life-

3

long friend, who lived in apartment 4E of that building. Ms. Jones had been out of touch with plaintiff for a considerable amount of time, fighting cancer and recovering from a stroke. Plaintiff had run into Ms. Jones's brother, who said she was now back in the apartment, so plaintiff went to 1830 Lexington Avenue to visit her.

22. Plaintiff knocked on the door of apartment 4E but no one answered, so she went back downstairs to the lobby.

23. As soon as she re-entered the lobby PO Cintron and his partner arrested plaintiff and accused her of trespassing.

24. Plaintiff pleaded that she was trying to visit a friend and asked that they go back upstairs to apartment 4E, but PO Cintron refused to make any effort to confirm her plea.

25. Plaintiff also had identification proving that she is a resident of 2070 Third Avenue, an adjacent building of the Johnson Houses, but PO Cintron ignored the fact of her residence.

26. PO Cintron took Ms. Morgan in handcuffs to the 23rd Precinct, and charged her with criminal trespass in the second degree (trespass in a dwelling -- Penal Law § 140.15, a class A misdemeanor), a charge later reduced to criminal trespass in the third degree (trespass in a public housing project, a class B misdemeanor, Penal Law § 140.10).

27. At the 23rd Precinct defendant PO Kimberly Burgos took plaintiff to a bathroom and spent approximately ten minutes subjecting plaintiff to a strip search -- a full body cavity search requiring her to remove all her clothing and shoes, and bend over and spread her buttocks -- even though Ms. Morgan had been arrested solely for a misdemeanor and there were no grounds for suspicion that she possessed any contraband.

4

28. The New York City Civilian Complaint Review Board has substantiated plaintiff's complaint that she was strip searched by PO Burgos and that the strip search was an abuse of authority. It has also substantiated plaintiff's charge that PO Cintron abused his authority by refusing to process a complaint. CCRB Case # 201509459. A copy of the CCRB's letter notifying plaintiff of the substantiations is annexed.

29. One or more NYPD supervisors had to approve the arrest and strip search of plaintiff, and the false charges of trespass against her.

30. Defendants Cintron and Burgos obtained the approval(s) from their supervisor(s), including one or more of the defendants John and Jane Does 1-5.

31. Plaintiff suffered an asthma attack while at the 23rd Precinct and had to be rushed to Metropolitan Hospital.

32. After treatment at Metropolitan Hospital plaintiff was taken back to the 23rd Precinct and then to Manhattan Central Booking, where she eventually was brought before a judge and released on her own recognizance after approximately 24 hours in custody.

33. Plaintiff had to appear in Manhattan Criminal Court numerous times to answer to the trespassing charge.

34. The prosecution repeatedly offered plaintiff an Adjournment in Contemplation of Dismissal (CPL §170.55) or a plea to community service as a disposition on the baseless trespassing charge, but she refused to accept any such disposition.

35. On November 7, 2016, the charge of trespass was dismissed outright on speedy trial grounds. Copies of the transcript of the dismissal and the Certificate of Disposition are annexed,

5

along with a CPL § 160.50 (1) (d) Designation for defendants' counsel.

36. Prosecutors frequently acquiesce in dismissals on speedy trial grounds where they know that they cannot possibly obtain a conviction, and that is the reason why the trespass charge against plaintiff was dismissed.

### *FIRST CLAIM FOR RELIEF*

37. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-36.

38. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

39. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-36 and 38.

40. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police officers and supervisory police officers.

41. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police officers and supervisory police officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

42. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-30, 32 and 33-34 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and

Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

43. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-36, 38, and 40-42.

44. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, assault, battery, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

45. The conduct toward plaintiff alleged herein subjected her to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### FOURTH CLAIM FOR RELIEF

46. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-36, 38, 40-42, and 44-45.

47. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally; and

(c) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 27, 2017

                                                       *Ms. Sterlene Morgan*
                                                       **STERLENE MORGAN**
                                                       2070 Third Avenue, # 8B
                                                       New York, NY 10029
                                                       (646) 667-2540

                                                       **PLAINTIFF *PRO SE***



## CIVILIAN COMPLAINT REVIEW BOARD
100 CHURCH STREET 10th FLOOR
NEW YORK, NEW YORK 10007 ♦ TELEPHONE (212) 912-7235
www.nyc.gov/ccrb

BILL DE BLASIO
MAYOR

RICHARD D. EMERY, ESQ.
CHAIR

MINA Q. MALIK, ESQ.
EXECUTIVE DIRECTOR

February 26, 2016

Ms. Sterlene Morgan
2070 3rd Avenue Apt. 8B
New York, NY 10029

Re: CCRB case number 201509459

Dear Ms. Morgan:

Following a thorough and impartial investigation by the Civilian Complaint Review Board's investigative staff, the Board reviewed the evidence regarding the above-referenced complaint. I am now writing to inform you of the Board's findings on the allegation(s) raised by this complaint.

| Allegation(s) by letter : | Board finding(s) : |
|---|---|
| A) Abuse of Authority: PO Kimberly Burgos strip-searched Sterlene Morgan. | Substantiated (Command Discipline B) |
| B) Abuse of Authority: PO Michael Cintron did not process Sterlene Morgan's complaint regarding an officer. | Substantiated (Command Discipline A) |

For an explanation of Board findings, please refer to the enclosed form, which details what each finding means.

In this case, the Board substantiated one or more allegations raised by the complaint. Under New York City law, the Civilian Complaint Review Board has the authority to investigate certain types of complaints against police officers, make findings of fact, and forward its recommendations to the Police Commissioner. Only the Police Commissioner has the authority to actually impose discipline against a police officer. Consequently, the CCRB is forwarding this case to the Police Commissioner and the Department Advocate's Office of the New York City Police Department, for whatever action they deem appropriate. Please be aware that in certain cases police officers are entitled by law to an administrative hearing before the Department can impose disciplinary penalties; in such a case you may be asked to testify at an administrative proceeding.

1

```
 1    CRIMINAL COURT OF THE CITY OF NEW YORK

 2    COUNTY OF NEW YORK:              PART JURY 9
      ------------------------------------X
 3    THE PEOPLE OF THE STATE OF NEW YORK,
                                              DOCKET NO.2015NY071420
 4                  -against-

 5    STERLING MORGAN,

 6                        Defendant.
      ------------------------------------X
 7                              100 Centre Street
                                New York, New York 10013
 8                              December 7, 2016

 9

10    B E F O R E:

11              THE HONORABLE KEVIN MCGRATH, Judge.

12

13
      A P P E A R A N C E S:
14
                OFFICE OF CYRUS VANCE, ESQ.
15              DISTRICT ATTORNEY - NEW YORK COUNTY
                1 Hogan Place
16              New York, New York 10013
                BY:  SHAE DONATO, ESQ.
17                   Assistant District Attorney
                For the People
18

19              CARDOZA LAW
                55 Fifth Avenue, Room 1114
20              New York, New York 10003
                BY:  SOFIA GURULE, ESQ.
21                   JONATHAN OBERMAN, ESQ.
                For the Defendant
22

23

24
                              SAMANTHA SCUOTTO
25                            Official Court Reporter
```

Case 1:17-cv-00679-KBF Document 22 Filed 06/11/17 Page 11 of 13
Case 1:17-cv-00679-KBF Document 2 Filed 01/27/17 Page 11 of 13

2

PROCEEDINGS

```
 1            COURT OFFICER:  Jury 9, calendar 8, Sterling
 2   Morgan.
 3            MS. GURULE:  Sofia Gurule with the Cardoza
 4   Criminal Defense Clinic under the supervision of Jonathan
 5   Oberman.
 6            MR. OBERMAN:  Jonathan Oberman.
 7            MS. DONATO:  Shae Donato for the People.  As to
 8   Docket ending 420 People are conceding 30.30.
 9            THE COURT:  Case is dismissed and sealed.
10                      *    *    *    *
11
12       C E R T I F I C A T I O N
13            It is hereby certified that the foregoing is
         a true and accurate transcript of the
14       proceedings.
15
16
                              _____
17                            SAMANTHA SCUOTTO
                              Official Court Reporter
18
19
20
21
22
23
24
25
```

```
CRIMINAL COURT OF THE CITY OF NEW YORK          CERTIFICATE OF DISPOSITION
COUNTY OF NEW YORK                                    NUMBER:  475334

THE PEOPLE OF THE STATE OF NEW YORK
                    VS

MORGAN, STERLING                                 06/26/1964
Defendant                                        Date of Birth

2070 3RD AVENUE                                  1604273Z
Address                                          NYSID Number

MANHATTAN               NY      10029            11/02/2015
City                    State   Zip              Date of Arrest/Issue

Docket Number: 2015NY071420                      Summons No:

140.10
Arraignment Charges
```

Case Disposition Information:

| Date | Court Action | Judge | Part |
|---|---|---|---|
| 12/07/2016 | DISM - SPEEDY TRIAL PROVISIONS | MCGRATH, K | JURY9 |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY     _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

POLIDORO, J.                                     01/03/2017
COURT OFFICIAL SIGNATURE AND SEAL                DATE           FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

**SEALED**

pursuant to Section 160.50 of the CPL

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, STERLENE MORGAN, Date of Birth 6/26/64, SS# ███████, pursuant to NYCPL§ 160.50[1][d], hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Sterlene Morgan, Docket No. 2015NY071420, in Criminal Court, County of New York, State of New York, relating to my arrest on or about November 2, 2015, may be made available for use in a Civil Action in the United States District Court (S.D.N.Y.)

I understand that until now the aforesaid records may have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the persons designated by me above as persons to whom the records may be made available are not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the persons designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release on a list from the New York City Police Department that identifies all prior arrests by date of arrest, charge (s) and disposition, including all sealed arrests.

*/s/ Sterlene Morgan*
STERLENE MORGAN

STATE OF NEW YORK   )
                   : SS.:
COUNTY OF NEW YORK )

On this 11th day of January, 2017, before me personally came STERLENE MORGAN, to me known and known to me to be the individual described in and who executed the foregoing instrument, and she acknowledged to me that she executed the same.

*/s/ Joel Berger*
NOTARY PUBLIC

JOEL BERGER
Notary Public, State of New York
No. 02BE5281197
Qualified in New York County
Commission Expires Feb. 28, ~~1997~~ 2019